UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARREA MCCOY-GORDON,<br><br>             Plaintiff,<br><br>     v.<br><br>GRAY, et al.,<br><br>             Defendants. | Case No. 1:20-cv-01728-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANTS GARZA, GRAY, RODRIGUEZ, AND SILVA, AND THAT PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

DeMarrea McCoy-Gordon ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 9, 2020. (ECF No. 1). The complaint is before this Court for screening.

For the reasons that follow, the Court will recommend that this action proceed on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Garza, Gray,

1

Rodriguez, and Silva, and that Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

### I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges as follows in his complaint:

On April 13, 2020, Plaintiff was removed from Facility C and rehoused in Short Term Restricted Housing ("STRH"), D Wing, Cell 137, at California State Substance Abuse Treatment Facility.

Upon being escorted to his cell, Plaintiff requested sanitation/cleaning materials to clean the cell, which was left a complete mess with spit all over the walls, toilet, and sink. There were also dirty socks, dirty underwear, bird feathers, bird feces, and bat feces. Prison Official Castro[1] denied Plaintiff's request for cleaning materials, even though there is a global COVID-19 pandemic and Plaintiff had no knowledge of who was in the cell before he was or what sickness that person may have had.

Immediately upon entering the filthy cell, Plaintiff's neighbor advised him of the pre-existing disgusting conditions to look forward to. Specifically, Plaintiff's neighbor stated: "hey youngers just a heads[-]up, this place is filthy. There are maggots, rats, roaches, bird and bat shit everywhere." Plaintiff responded, "yea I see, thanks for the heads[-]up though."

Plaintiff noticed the bird and bat feces, but assumed his neighbor was exaggerating about the maggots, rats, and roaches.

After about three days of settling in the cell, Plaintiff and his celly began having multiple encounters with maggots getting under the door and into the cell. Plaintiff literally killed over seventy maggots in the span of about a month, two of which happened to make it under the covers with him.

Other pest encounters included roaches and rats, which both gained access into the cell using the large space under the door. On three different occasions Plaintiff was awakened to rats rambling through open canteen items, causing Plaintiff to dispose of several purchased items.

---

[1] Castro is not listed as a defendant in this action.

On May 10, 2020, after four attempts to remedy the conditions, Plaintiff submitted a 602 regarding prison officials' demonstration of reckless disregard to the inhumane conditions. Prison officials continued to ignore Plaintiff's plea.

After fear of federal action being taken against prison officials, they finally decided to remedy the situation. On May 12, 2020, Plaintiff received a response to the CDCR 22 Form he submitted on May 11, 2020. The response reads as follows: "A work order request #2020-05-STRH-08 was generated and submitted to plant operations and pest control for extermination of mice and other vermin on 5/12/20. STRH deployed multiple mice traps as a temporary fix and are awaiting work request completion."

On May 12, 2020, after coming in from yard for a three-hour period, during which time Plaintiff's cell door was left wide open, Plaintiff noticed a rat inside the floor cubby in his cell. Plaintiff's celly swung at it with a shoe, causing it to run out under the cell. Plaintiff had to clean rat droppings in the corner of his cell.

When inmates housed in STRH attend yard or leave for medical, mental health, or dental appointments, their doors remain wide open until their return. This invites flies, spiders, roaches, maggots, and rats. Additionally, the hallways are never mopped and contain bird and bat feces, which is tracked back into the cells after out-of-cell transportation. Birds and bats gain access inside when yard doors are open.

During breakfast on the morning of May 27, 2020, Plaintiff spotted a huge pregnant roach in his cell on the floor. This is after prison officials claimed to have put an order for pest control. The job allegedly concluded by pest control was ineffective as to the vermin that continued to enter Plaintiff's cell (however, it was effective for the rats).

Defendant Sergeant Garza, defendant Lieutenant Gray, defendant Correctional Officer Rodriguez, and defendant Correctional Officer Silva denied Plaintiff humane conditions of confinement while Plaintiff was in STRH. They were all well aware of the disgusting conditions and disregarded Plaintiff's plea for help when he brought it to their attention.

The first plea for help was made on Thursday, April 16, 2020. Plaintiff made the plea to defendant Silva, who looked around and stated sarcastically "I don[']t see anything man."

4

The second plea for help was made on Tuesday, April 21, 2020. Plaintiff's celly made the plea to defendant Gray. Defendant Gray responded, "let your tier officer know."

The third plea for help was made on Friday, April 24, 2020. The plea was made to defendant Garza, who responded "I know, we[']re getting to it man."

The fourth plea for help was made on Sunday, May 10, 2020. The plea was made to defendant Rodriguez, who responded "that[']s not my problem."

As a result of Defendants' acts and omissions, Plaintiff was forced to endure inhumane conditions of confinement in living quarters with rats, maggots, roaches, birds, and bats.

It is a scientifically proven fact that maggots are found in and around decaying matter. The fact that Plaintiff was housed in an environment where decaying matter exists placed his health, safety, and well-being at a serious risk of harm. There have been dead frogs and bird heads that prison officials will let sit on the walkway of the yard cages of STRH. When the yard doors are open Plaintiff's cell is approximately fifteen feet from this walkway.

Plaintiff made several attempts to explain his pest encounters to Defendants, to no avail. Defendants' demonstration of reckless disregard was lengthy and ongoing, lasting a duration of over a month.

Defendants could have easily taken reasonable measures to help abate the problem, such as closing Plaintiff's door while he was out of the cell. They also could have acted upon his first plea for help. Defendants refused to take reasonable measures until after Plaintiff submitted a 602.

Plaintiff brings an Eighth Amendment conditions of confinement claim and an Eighth Amendment claim for deliberate indifference to his serious medical needs.

**III.    ANALYSIS OF PLAINTIFF'S COMPLAINT**

**A.  Section 1983**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

5

action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

\\\

### B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"'The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious.'" Jackson v. Walker, 2009 WL 1743639 at *8 (E.D. Cal. 2009) (quoting Tucker v.

7

Rose, 955 F.Supp. 810, 816 (N.D.Ohio 1997).  However, a "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. Cty. of Kern, 45 F.3d 1310, 1314 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995).

Plaintiff alleges that he was forced to endure living quarters with rats, maggots, roaches, birds, bats, and feces.  The conditions lasted approximately a month.  Based on the allegations in the complaint, the Court finds that Plaintiff has sufficiently alleged a lack of sanitation that was both severe and prolonged.

The connection between the allegedly unsanitary conditions and at least some of the defendants is tenuous, but Plaintiff has alleged that he told each defendant about at least some of the conditions.  Moreover, liberally construing Plaintiff's complaint, it appears that at least some of the unsanitary conditions were obvious.[2]

Thus, the Court finds that, for screening purposes, Plaintiff has sufficiently alleged that he was subjected to a lack of sanitation that was both severe and prolonged, and that Defendants were aware of this but failed to act.  The Court will, therefore, recommend that Plaintiff's Eighth Amendment conditions of confinement claim against defendants Garza, Gray, Rodriguez, and Silva proceed past screening.

### C. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

---

[2] Circumstantial evidence, such as evidence of obviousness, can be used to show subjective knowledge. Farmer, 511 U.S. at 842-43 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, cf. Hall 118 (cautioning against 'confusing a mental state with the proof of its existence'), and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.  Cf. LaFave & Scott § 3.7, p. 335 ('[I]f the risk is obvious, so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it; but the inference cannot be conclusive, for we know that people are not always conscious of what reasonable people would be conscious of').  For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.' Brief for Respondents 22.") (alterations in original) (footnote omitted).

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to his serious medical needs because he has not sufficiently alleged that

he had a serious medical need.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*) ("Examples of serious medical needs include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.") (alteration in original) (citation and internal quotation marks omitted).  Plaintiff has sufficiently alleged that he was left in unsanitary conditions that put his health at risk, but that is more appropriately brought as a conditions of confinement claim.

Given that Plaintiff failed to state an Eighth Amendment claim for deliberate indifference to his serious medical needs, that this claim is more appropriately brought as a conditions of confinement claim (Plaintiff did not even attempt to allege that he had a serious medical need), and that Plaintiff brought a conditions of confinement claim as well, the Court will recommend that Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs be dismissed.

**IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court has screened the complaint and finds that Plaintiff's Eighth Amendment conditions of confinement claim against defendants Garza, Gray, Rodriguez, and Silva should proceed past screening.  The Court also finds that Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs should be dismissed.

As the deficiencies in the only claim the Court is recommending be dismissed do not appear to be curable by amendment (it appears that Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs is more appropriately brought as a conditions of confinement claim), the Court does not recommend granting leave to amend.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Garza, Gray, Rodriguez, and Silva; and
2. Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **December 14, 2020**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE